**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

JENNY LINDSAY,

      Plaintiff,

v.

EMORY UNIVERSITY, *et al.*,

      Defendants.

CIVIL ACTION FILE

1:22-cv-00886-WMR

## <u>ORDER</u>

This matter is before the Court on Plaintiff Jenny Lindsay's Motion to Alter

or Amend Judgment and/or for Reconsideration [Doc. 68]. After review, Plaintiff's

Motion is **GRANTED IN PART** and **DENIED IN PART**.

### I.  Background

Plaintiff filed this lawsuit against Emory University; Heidi Faenza, as former

Director of the Georgia Office of Bar Admissions; and John Earles, as Director of

the Georgia Office of Bar Admissions. [Docs. 1, 27]. Plaintiff alleges that she, as a

"female Black, licensed Attorney" in Brittain, enrolled in Emory University School

of Law's L.L.M. program because of "their advertisements on their website that they

were a top law school operating upon 'Christian principles . . . .'" [Doc. 27 at 2–3,

31, 35]. For various reasons, Plaintiff failed to sign the required attendance register

for her required contracts class, and was "remov[ed ]from all of her required LLC courses and, forced [ ] to leave the United States within 21 days of the withdrawal" as a result. [*Id.* at 12]. Plaintiff filed multiple grievances but did not receive a hearing. [*Id.* at 18]. Plaintiff alleged that there were other male, non-black students who received preferential treatment, including receiving a hearing, by the University under similar or more severe circumstances. [*Id.* at 13–15].

Plaintiff ultimately returned to Emory and completed her studies in 2020. [*Id.* at 16, 35]. After returning, Plaintiff applied for accommodations for her Property midterm because she was "too distraught by this entire production to sit for her exam . . . .". [Doc. 27 at 23]. But the accommodations were not granted prior to the exam, so Plaintiff did not take the midterm. [*Id.* at 25–26]. Emory did not allow her to take a makeup midterm, but she still passed the class based on her final exam grade. [*Id.* at 26–29].

Plaintiff also refused to pay her tuition after returning, and Emory ultimately placed a hold on her transcript due to unpaid fees. [*Id.* at 29]. After Plaintiff filed her application with the Georgia Office of Bar Admissions, Bar Admissions approved Plaintiff's Character and Fitness but declined to waive the transcript requirement. [*Id.* at 34]. Bar Admissions eventually suspended Plaintiff's Certificate of Eligibility to sit for the bar without a hearing, citing that there was litigation against Emory pending. [*Id.*].

2

In her First Amended Complaint ("FAC"), Plaintiff brought claims against Emory University for breach of contract (Count 1), fraudulent inducement (Count 2), and unequal treatment in violation of 42 U.S.C. § 1981 (Count 3); against Defendants Faenza and Earles for violating her due process rights (Count 4); and against all three Defendants for conspiring under 42 U.S.C. § 1985 to "prevent her from exercising her Liberty Interests without Substantive and Procedural Due Process" (Count 5), discriminating against her based on her race, color, national origin, and sex under Title VI and Title IX (Counts 6 and 7), and for unjust enrichment (Count 8). [Doc. 27 at 38–43]. Plaintiff filed a Second Amended Complaint ("SAC"), but this Court granted Defendants' Motions to Strike because Plaintiff did not obtain leave of Court or consent by the other Defendants, as required by Rule 15(a)(2) of the Federal Rules of Civil Procedure. [Doc. 66]. This Court also granted Defendants' Motions to Dismiss and dismissed all of Plaintiff's claims without prejudice. [*Id.*]. Plaintiff now asks the Court to reconsider its decision and alter this judgment. [Doc. 68].

**II. Legal Standard**

Plaintiffs seeks to amend the Court's Order dismissing Plaintiff's case under Rules 59(e) of the Federal Rules of Civil Procedure and Local Rule 7.2(E). The

Court recognizes that because Plaintiff is pro se, the filings are construed liberally. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).[1]

Under Rule 59(e) of the Federal Rules of Civil Procedure, a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." "The decision to alter or amend judgment is committed to the sound discretion of the district judge . . . ." *Am. Home. Assurance. Co. v. Glenn Estess & Assocs.*, 763 F.2d 1237, 1238–39 (11th Cir. 1985). "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (punctuation omitted). "The function of a motion to alter or amend a judgment is not to serve as a vehicle to relitigate old matters or present the case under a new legal theory or to give the moving party another 'bite at the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment." *Mincey v. Head*, 206 F.3d 1106, 1137 n.69 (11th Cir. 2000) (punctuation omitted).

A motion for reconsideration under Local Rule 7.2(E) should only be filed when "absolutely necessary" and "cannot be used to relitigate old matters." N.D. Ga. Local Rule 7.2(E). "Reconsideration is only 'absolutely necessary' where there is (1) newly discovered evidence; (2) an intervening development or change in

---

[1] The Court notes, however, that the Plaintiff is an attorney, so perhaps she shouldn't get this deference.

4

controlling law; or (3) a need to correct a clear error of law or fact." *Bryan v. Murphy*, 246 F. Supp. 2d 1256, 1258–59 (N.D. Ga. 2003). The decision to grant a motion for reconsideration is committed to this Court's "sound discretion." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009).

### III. Discussion

Plaintiff alleges that the Court must amend its Order dismissing the case "to correct [ ] clear errors of law, [ ] introduce new evidence[,] and prevent manifest injustice." [Doc. 68 at 1]. Plaintiff has not established any meaningful new evidence. But, while the majority of her Motion is a meritless attempt to relitigate the Motions to Strike and Motions to Dismiss, the Court concludes that Plaintiff has shown error on her discrimination claims worthy of reconsideration.

### A. This Court Correctly Granted Defendants' Motions to Strike the SAC.

Plaintiff argues that the Court erred by granting Defendants' Motions to Strike the SAC. Under Rule 15(a)(1) of the Federal Rules of Civil Procedure, a party may amend a pleading once as a matter of right within twenty-one days after service of the pleading or service of a responsive pleading or motion filed under Rule 12(b), (e), or (f). Otherwise, under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave." *Id.* Plaintiff failed to obtain either before filing her SAC. Regardless, the Court has discretion to consider the SAC despite her failure to comply with Rule 15 where "leave to amend would

5

have been granted had it been sought and when it does not appear that any of the parties will be prejudiced by allowing the change." *Hoover v. Blue Cross & Blue Shield*, 855 F.2d 1538, 1544 (11th Cir. 1988). This practice is "in keeping with the overall liberal amendment policy of rule 15(a) and the general desirability of minimizing needless formalities." *Id.*

Plaintiff first argues that the Court should have considered Plaintiff's lack of legal skill in comparison to the Defendants' "large firm of attorneys with significant experience, resources, equipment and software . . . ." [Doc. 68 at 13–14]. But, the Court did consider Plaintiff's relative lack of experience as a pro se litigant and noted that pro se litigants are still required to conform to procedural rules. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) ("[A]lthough we are to give liberal construction to the pleadings of pro se litigants, we nevertheless have required them to conform to procedural rules." (internal citations and quotations omitted)).

Next, Plaintiff argues that "Emory provided no evidence of prejudice" and that the Court instead acted as "de facto counsel" by considering any prejudice to Defendants. Instead, Plaintiff notes that the Court should have considered the prejudice to Plaintiff and that she had "been under pressure to comply with" the Court's orders to amend the Complaint even though she "knew that [her] FAC needed further amendment." First, it was not error for the Court to consider that allowing the SAC would prejudice the Defendants by rendering their Motions to

6

Dismiss moot, particularly because the Court reviewed the SAC and determined that it would also fail to withstand the Motions to Dismiss by Defendants.  Second, the Court is not persuaded that Plaintiff's SAC should have been allowed because Plaintiff struggled to meet the Court's routine timeline for filing an amended complaint where the Plaintiff did not file a motion for an extension of time. Accordingly, Plaintiff has failed to show that the Court committed any error of law or fact, and therefore she certainly cannot show that the Court committed a "clear" or manifest" error.

### B. The Court Correctly Granted Defendants Faenza and Earles' Motion to Dismiss for Insufficient Service of Process.

The Court granted Defendants Faenza and Earles' Motion to Dismiss for insufficient service of process. In response to this Motion, Plaintiff alleged that Defendants' attorney, Matthew Bridges, executed a waiver of service form but did not provide the waiver of service form. Now, she alleges that the Court should reconsider this Order because she attached "new evidence" that Bridges refused to return the waiver forms. [Doc. 68 at 26 ("Since there is currently a pending motion to dismiss in this matter I cannot waive [ ] service at this time.")]. The Court first notes that this email from Bridges to what appears to be Plaintiff's personal email is not properly considered "new evidence" for purposes of reconsidering a Court order. *See Mincey*, 206 F.3d at 1137 n.69 (11th Cir. 2000) ("[T]he moving party will not prevail on a Rule 59(e) motion that introduces previously unsubmitted evidence

7

absent a showing that the evidence was unavailable at the time of the judgment");

*see, e.g.*, *Regalado v. CDC*, No. 4:22-cv-2-TCB, 2022 U.S. Dist. 238664, at *4 (N.D.

Ga. July 6, 2022) ("[Defendant's] efforts to recycle old arguments and present

evidence *that was available to him* prior to the Court's entry of judgment is not

sufficient to warrant reconsideration." (emphasis added)).

But, even putting that aside, this email from Bridges would not save Plaintiff's

case. Defendants were not required to waive service of process, and their reluctance

to do so did not absolve Plaintiff of her responsibility to timely serve. *See Crystal*

*Commodore Pippen v. Georgia-Pacific, LLC*, No. 1:07-cv-1565-BBM, 2008 U.S.

Dist. LEXIS 126496, at *38–39 (N.D. Ga. May 20, 2008) ("A defendant is under no

obligation to waive service").

Finally, Plaintiff argues in her reply brief that the Court should find good

cause for Plaintiff's failure timely to serve Faenza and Earles and provide Plaintiff

additional time to perfect service. But, the Court already determined that Plaintiff

did not show good cause for her failure to properly serve Defendants and declined

to extend Plaintiff's time to do so. The Court sees no reason to revisit that conclusion

here. Accordingly, the Court did not commit "clear" or "manifest" error.

**C. The Court Correctly Granted Defendant Emory University's Motion to Dismiss Plaintiff's Breach of Contract, Fraudulent Inducement, § 1985 Conspiracy, and Unjust Enrichment Claims But Should Not Have Dismissed Plaintiff's Discrimination Claims.**

The Court reviewed each of the counts in the FAC and determined that Plaintiff failed to state a claim upon which relief can be granted. Plaintiff asks the Court to reconsider. The Court will not alter its judgment on plaintiff's breach of contract, fraudulent inducement, § 1985 conspiracy, or unjust enrichment claims. But, the Court concludes that Plaintiff's discrimination claims under § 1981, Title XI, and Title IX should have survived Emory's Motion to Dismiss. Plaintiff's arguments are reviewed in turn below.

### i. Breach of Contract

This Court found that Plaintiff failed adequately to plead her breach of contract claim because Plaintiff failed to allege a contractual provision that was violated. To plead a breach of contract under Georgia law, Plaintiff must allege that a valid contract existed and "(1) breach, (2) the resultant damages that [s]he suffered, and (3) that [s]he has the right to complain about the contract being broken." *Est. of Bass v. Regions Bank, Inc.*, 17 947 F.3d 1352, 1358 (11th Cir. 2020) (quoting *Kuritzky v. Emory Univ.*, 294 Ga. App. 370 (2008)); *Bazemore v. Jefferson Cap. Sys., LLC*, 827 F.3d 1325, 1330 (11th Cir. 2016). Plaintiff's student-university relationship established a valid contract. *See Pinder v. John Marshall Law School, LLC*, 11 F. Supp. 3d 1208, 1266 (N.D. Ga. 2014). But, Plaintiff still had to "allege a particular contractual provision that the defendants violated to survive a motion to dismiss." *Brooks v. Branch Banking and Tr. Co.*, 107 F. Supp. 3d 1290, 1296 (N.D.

9

Ga. 2015) (internal quotation marks omitted); *see also Bazemore*, 827 F.3d at 1330 (quoting *Jackson v. Easters*, 190 Ga. App. 713, 714 (1989)) ("The party asserting the existence of a contract has the burden of proving its existence and terms").

However, while Plaintiff makes several assertions that Emory breached express terms of a contract, she never pointed to an actual contractual provision that was violated. [*See, e.g.*, Doc. 27 at 28 (alleging that Plaintiff "reasonably performed on her obligations only to be thwarted by unprincipled, racist, jingoistic, bogus and otherwise unlawful activity by [Emory]" and that, "[t]hose actions constituted a Material Breach to the intent of the Contract and Plaintiff is clearly damaged as she is out of pocket above and beyond the amount she should have been without the Breach, and further she is ineligible to sit for the Bar Exam, the sine qua non of her purpose")]. *See Harper v. Pro. Prob. Servs. Inc.*, 976 F.3d 1236, 1240 n.4 (11th Cir. 2020) ("Ultimately, "[a] complaint may be dismissed for failure to state a claim when, ignoring any mere conclusory statements, the remaining allegations do not plausibly suggest that the defendant is liable." (internal quotations omitted)).

And, in her Motion for Reconsideration, despite the fact that Plaintiff is challenging the Court's Order that points out Plaintiff's failure to cite to contractual provisions, Plaintiff still does not point to a provision in the Student Handbook or any other contract to support her claim. [*See generally* Docs. 68, 75]. At best, Plaintiff states that:

10

> the Handbook clearly provides for a grievance. Yet, the Handbook fails to provide anything but scant information failing to give any procedural regulations. . . . Emory had a duty to inform the Plaintiff of the policy and to explain the meaning of same as had been afforded to all other students in the class except the Plaintiff.

[*Id.* at 13–14]. But, if anything, this statement sheds doubt on whether there was a relevant contractual provision. In fact, the Complaint even alleges that the "Handbook does not lead to any meaningful discovery of a cogent policy" on the process for punishing absences from class. [Doc. 27 at 20]. Accordingly, Plaintiff failed to sufficiently plead this claim.

Finally, Plaintiff complains that the Court erred by finding that students at private universities are entitled to "only those procedures specifically provided for" in the handbook and are not entitled to the full range of constitutional due process. But this statement originated from binding, Georgia law. *See Life Chiropractic College, Inc. v. Fuchs*, 176 Ga. App. 606, 608 (1985) ("[A] provision in a private university bulletin to the effect that no student shall be dismissed without 'due process' does not contractually obligate the institution to provide the full range of constitutional due-process protections enjoyed by students at tax-supported institutions, but only those procedures specifically provided for in the bulletin itself."). Accordingly, the Court sees no error with its decision to dismiss Plaintiff's breach of contract claim.

### ii. *Fraudulent Inducement*

The Court concluded that Plaintiff failed to meet the pleading requirements for a fraudulent inducement claim. To plead fraudulent inducement under Georgia law, Plaintiff must allege the elements of fraud: "a false representation by a defendant, scienter, intention to induce the plaintiff to act or refrain from action, justifiable reliance by plaintiff, and damage to plaintiff." *Crawford v. Williams*, 258 Ga. 806, 806 (1989). To plead successfully fraud in federal court, Rule 9(b) requires the plaintiff to "state with particularity" the circumstances constituting fraud. In doing so, Plaintiff must allege "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the [plaintiff]; and (4) what the defendants gained by the alleged fraud." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010).

The Court noted in its Order that Plaintiff failed to allege that any representation by Emory was false. In the present Motion, Plaintiff only notes that "the words: 'unprincipled, racist, jingoistic, bogus and otherwise unlawful activity' by Emory does mean false and fraudulent." But, "[g]eneral conclusory allegations" do not conform to the "heightened pleading requirements" of Rule 9(b). *American United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1064 (11th Cir. 2007). And, Plaintiff's broad statement that she was "thwarted by unprincipled, racist, jingoistic,

12

bogus and otherwise unlawful activity" by Emory does little to inform the Court about which statements were false. Therefore, the Court did not err in dismissing Plaintiff's fraudulent inducement claim.

### iii.    Discrimination

Plaintiff alleges that Emory discriminated against her on the basis of race, color, national origin, and sex in violation of 42 U.S.C. § 1981, Title VI, and Title IX (Counts 3, 6, and 7). The operative test is whether the "alleged facts, if true, permit a reasonable inference that the university discriminated against [Plaintiff] on the basis of" sex, race, or national origin. *Doe v. Samford Univ.*, 29 F.4th 675, 688 (11th Cir. 2022) (punctuation omitted); *Shotz v. City of Plantation*, 344 F.3d 1161, 1170 n.12 (11th Cir. 2003); *Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1347 n.84 (11th Cir. 2011). Plaintiff may meet this test with direct evidence or with "circumstantial evidence that would allow a jury to infer intentional discrimination." *Lewis v. City of Union City*, 934 F.3d 1169, 1185 (11th Cir. 2019).

In the Order, this Court found that Plaintiff failed to allege either direct or circumstantial evidence that Emory intentionally discriminated against her. In doing so, the Court noted that Plaintiff failed to allege that similarly situated individuals were treated differently because of their race, national origin, or sex. But upon reconsideration, the Court notes that Plaintiff did allege one instance of a potentially

similarly situated individual receiving preferential treatment. To meet the standard, Plaintiff must demonstrate that she and her comparators were "similarly situated in all material respects." *Lewis v. City of Union City, Georgia*, 918 F.3d 1213, 1218 (11th Cir. 2019).

In her FAC, Plaintiff describes four individuals as receiving preferential treatment despite being similarly situated, three of which committed materially different transgressions—cheating and sexual harassment. But, the Court finds that one of these individuals could, possibly, meet the standard. Plaintiff alleges that a white male received a hearing regarding his failure to attend class and complete his course work. [Doc. 27 at 14]. *See, e.g.*, *Reid v. Wolf*, No. 1:20-cv-1235, 2021 U.S. Dist. LEXIS 138160, *15 (N.D. Ga. Jan. 7, 2021) (concluding that the comparators were sufficiently similar because they "participated in conduct similar to the conduct for which [Plaintiff] was terminated"). This allegation is sufficient to raise the possibility of discriminatory intent. Accordingly, the Court concludes that it should not have dismissed this claim and finds that this error is sufficient to merit reconsideration.[2]

---

[2] In doing so, the Court notes that this conclusion is reliant on Plaintiff's ability to evidentiarily back up the allegations relating to this comparator and warns that the failure to do so could subject Plaintiff to Rule 11 sanctions. Rule 11 of the Federal Rules of Civil Procedure provides that by signing the Complaint, Plaintiff certified "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances that "the factual contentions have evidentiary support . . . ."

*iv.*    *§ 1985 Conspiracy*

Plaintiff next argues that the Court erred by dismissing her § 1985 conspiracy claim. To state a claim under § 1985(3), plaintiff must allege: "(1) conspiracy, (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the law, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy, (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Trawinski v. United Techs.*, 313 F.3d 1295, 1299 (11th Cir. 2002). The statutory scheme of § 1985 was enacted "to stifle the serious class-based deprivation of constitutional rights by private parties, not to serve as a general federal tort law." *Id.*

In her motion, Plaintiff argues that "[t]he fact that the Defendants were in a special relationship, the investigative policies of the Bar Directors to continue to investigate, the Bar suspending the Plaintiffs certificates on a false premise that litigation was begun 2 years prior to the fact and, that they also never deal with Plaintiffs application for a license in accordance with the new COVID rules that remains in abeyance and without any due process whatsoever to date most definitely provide a factual matrix that definitely does infer a conspiracy to prevent the Plaintiff from progressing in her chosen field." However, these alleged facts are insufficient to plead a conspiracy. They do nothing to show that the Defendants were working

15

in tandem or to show any intention to enter into a conspiracy. Accordingly, the Court did not err.

### v.    Unjust Enrichment

Finally, Plaintiff challenges this Court's dismissal of her unjust enrichment claim. Under Georgia law, a claim for unjust enrichment exists where a plaintiff asserts: (1) that the defendants induced or encouraged the plaintiff to provide something of value to the defendant; (2) that the plaintiff provided a benefit to the defendant with the expectation that the defendant would be responsible for the cost thereof; and (3) that the defendant knew of the benefit being bestowed upon it by the plaintiff and either affirmatively chose to accept the benefit or failed to reject it. *Campbell v. Ailion*, 338 Ga. App. 382, 387 (2016). Plaintiff alleges that "she is paying for extra classes that should not be necessary, thereby padding their coffers above and beyond the bargained-for contractual relationship." [Doc. 27 at 43].

The Court dismissed this cause of action because "the existence of [a] contract between the parties precludes [a] unjust enrichment claim." *Bogard v. Inter–State Assurance Co.*, 263 Ga. App. 767, 770 (2003) (affirming trial court's grant of defendant's motion for judgment on the pleadings because plaintiff's unjust enrichment claim was precluded by existence of legally valid contract). Plaintiff has provided no reason for the Court to doubt its application of this law. In fact, even in the cases Plaintiff cites, the courts dismissed the unjust enrichment claims due to the

16

presence of a valid contract. *See Doe v. Emory Univ.*, No. 1:20-CV-2002-TWT, 2021 U.S. Dist. LEXIS 2200, at *22–23 (N.D. Ga. Jan. 22, 2021) (dismissing Plaintiff's unjust enrichment claim because the Plaintiff's breach of implied contract claim barred her unjust enrichment claims); *Williams v. Corp.* 542 F. Supp. 3d 1366, 1379–80 (M.D. Ga. 2021) (same). Accordingly, because the Court has found that a contract exists between Plaintiff and Emory, the Court correctly dismissed Plaintiff's unjust enrichment claim.

## IV. Conclusion

Plaintiff's Motion to Alter or Amend Judgment and/or for Reconsideration [Doc. 68] is **GRANTED IN PART** and **DENIED IN PART**. The Clerk of Court is directed to reopen the case against Emory University.

IT IS SO ORDERED, this 27th day of March, 2024.

WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE

17