IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JENNY LINDSAY,

      Plaintiff,

v.

EMORY UNIVERSITY,

      Defendants.

CIVIL ACTION FILE NO:

1:22-cv-00886-WMR

## **ORDER**

This matter comes before the Court on Plaintiff Jenny Lindsay's "Motion to Extend Time to Comply With Court's Order to Meet and Confer." [Doc. 157]. Previously, on July 1, 2025, after a phone conference reviewing alleged discovery disputes, the Court ordered the parties "to meet in person within 21 days and to go over all discovery issues." [Doc. 152]. The Court required the parties to email a jointly prepared brief, which would address all outstanding discovery disputes, to the Court after the parties had met and conferred. [*Id.*]. The parties still have not met and conferred as ordered.

Plaintiff's motion for an extension of time to meet and confer says Plaintiff has been unable to schedule the required meeting "due to the human impossibility of one person completing multiple complex legal tasks within the 21-day period

1

while also preparing for the required meeting with Defendants." [157 ¶ 5]. Plaintiff

cites preparation of motions in both her cases and her *pro se* status as facts supporting

an extension. [*Id.* at 5]. In response, Emory provides emails demonstrating Plaintiff

has refused to provide available dates for the parties' meeting, has delayed

responding to emails for multiple days, and has even proposed usurping the Court's

order by meeting via telephone or Zoom. [Doc. 158-1]. Ultimately, however, Emory

represents that they do not oppose a short extension of time to meet and confer,

writing:

> Emory respectfully requests that the deadline to meet and confer in person be extended to August 22 or later due to lead counsel's out-of-state travel. (See Leave of Absence, Doc. 151). Emory additionally requests that the Court extend the deadline for dispositive motions through November 14, 2025

[Doc. 158 at 3].

Plaintiff's motion for an extension of time to meet and confer [Doc. 157] is

**GRANTED IN PART**. The Parties are **ORDERED** to meet and confer in person

**on or before September 2, 2025.**[1] The Court does not grant an extension of time

because Plaintiff has shown good cause—she has not. The Court merely wishes to

give Plaintiff one more chance to cooperate with the Court's orders. The Court is

---

[1] The post-meeting briefing must be emailed to chambers within **sixty (60) days** of the date of the parties' meeting. This long time period is meant to account for defense counsel's medical-related leave of absence. [Doc. 155]. For now, the Court assumes co-counsel can meet and confer with Plaintiff if Ms. Newton's medical treatment prevents her from doing so.

unsympathetic to Plaintiff's position that her preparation of motions has hindered her ability to meet and confer. As the Court has said before: "Plaintiff is in a bind of her own making. Plaintiff has over-litigated her case, filing innumerable motions and a duplicitous lawsuit. Plaintiff will have to balance the overlapping burdens and timelines of her litigation, just as defense counsel and the Court have done." [1:24-cv-5545-WMR; Doc. 27 at 2]. To account for continued delays, the Court **ORDERS** that the deadline for dispositive motions be extended to **November 14, 2025.** Plaintiff is **WARNED** that further failures to comply with the Court's orders, and failure to cooperate with opposing counsel, could result in civil contempt sanctions. *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th Cir. 1991) ("Courts have inherent power to enforce compliance with their lawful orders through civil contempt.").

 **IT IS SO ORDERED**, this 21st day of August, 2025.

WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE

3