# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

JENNY LINDSAY,

      Plaintiff,

v.

EMORY UNIVERSITY,

      Defendant.

CIVIL ACTION NO.

1:22-cv-00886-WMR

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S COMBINED MOTION FOR CLARIFICATION AND RECONSIDERATION OF INTERLOCUTORY DISCOVERY RULING

COMES NOW Defendant Emory University ("Emory") and submits this Response opposing "Plaintiff's Combined Motion for Clarification and Reconsideration of Interlocutory Discovery Ruling" (Doc. 197) (the "Motion"). The Motion is yet another example of Plaintiff continuing to seek reconsideration of the Court's decisions. These types of filings have become Plaintiff's routine practice, rather than an extraordinary remedy. Despite the Court's clear instructions, Plaintiff asks the Court to reconsider discovery issues that the Court resolved during an all-day hearing conducted for that purpose. The Court should deny the Motion and sanction Plaintiff's bad-faith litigation conduct.

## BACKGROUND

On July 1, 2025, the Court held a phone conference and ordered the parties to meet in person to go over all discovery issues and then submit a "completed itemized list of any outstanding discovery." (Doc. 152)  After refusing to provide available dates for the parties' meeting, delaying responding to emails for multiple days, and even proposing to meet by phone or Zoom instead of in person (Doc. 162), Plaintiff finally met with Emory's counsel on September 2.  The parties were able to resolve some, but not all, of Plaintiff's discovery issues.  Plaintiff sent Emory her "Itemized and Detailed List of Discovery Sought Pursuant to Court Order"; Emory responded to each issue and emailed the joint list ("Itemized List") to the Court on November 3, 2025 (the Itemized List was later added to the docket (Doc. 193)).

On March 9, 2026, the Court held an all-day hearing, "going through item by item and *resolving all the discovery issues* listed in the" Itemized List.  (Doc. 195 (emphasis added))  The Court repeatedly stated that it was addressing all open discovery issues that day.  (*See* Transcript of March 9, 2026 Motions Hearing at 47:7-16, 58:12-22, 114:8-13, 184:13-17)[1]  The only exception was for limited, additional briefing on a single issue (Plaintiff's Second Request for Production No.

---

[1] During the hearing, the Court directed Emory to produce certain additional documents by June 1, 2026 and noted that, if anything is missing, Plaintiff may file a motion to compel **after that**.  Emory has already produced some additional documents, and it is in the process of collecting the rest.

30), which Plaintiff has since filed. (Doc. 196). Plaintiff's Motion here – in direct contradiction of the Court's instructions – seeks reconsideration of the many other discovery rulings made by the Court during the March 9 hearing.

## ARGUMENT AND CITATION TO AUTHORITY

Plaintiff has not demonstrated entitlement to "clarification" or reconsideration of the Court's March 9 rulings. The Court spent seven hours going through Plaintiff's discovery disputes in painstaking detail and resolving all of them that day (with the one exception noted above). Nothing requires clarification; Plaintiff understands the Court's rulings perfectly well. She simply seeks reconsideration of any discovery ruling that did not go her way. The Motion is Plaintiff's latest "knee-jerk reaction to an adverse ruling" and should be denied. *Spellman v. Haley*, No. 97-T-640-N, 2002 U.S. Dist. LEXIS 27308, at *7 (M.D. Ala. Feb. 22, 2002).[2]

1. *Legal Standard for Reconsideration.*

A district court's authority to revise interlocutory orders (such as discovery orders) comes from Fed. R. Civ. P. 54(b). *Herman v. Hartford Life & Acc. Ins. Co.*, 508 F. App'x 923, 928 n.1 (11th Cir. 2013) (per curiam). Rule 54(b) "takes after" Rule 60(b) (*id.*), so the standard reconsideration factors apply: "a motion for reconsideration is appropriate only where there is: (1) newly discovered evidence;

---

[2] As the Court noted at the hearing, "what there's been way too much of in this case, mainly by [Plaintiff], is wanting to continue to file motions and documents with the Court." (Transcript of March 9, 2026 Motions Hearing at 113:23-25)

(2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact." *Blalock v. Alpha Phi Alpha Fraternity, Inc.*, No. 1:22-cv-01085-WMR, 2022 U.S. Dist. LEXIS 255069, at *7-8 (N.D. Ga. Dec. 2, 2022) (citation and punctuation omitted) (denying motion for reconsideration of interlocutory order). "Reconsideration of a previous order is an extraordinary remedy intended to be used sparingly" (*id.* at *8), and "district courts should hesitate before revisiting their earlier interlocutory orders." *Hornady v. Outokumpu Stainless USA, LLC*, 118 F.4th 1367, 1380 (11th Cir. 2024). As this Court's local rules expressly state: "Motions for reconsideration shall not be filed as a matter of routine practice." Local Rule 7.2(E), NDGa.[3]

   2. *Plaintiff Seeks Reconsideration, Not "Clarification."*

The Motion, no matter how styled, is one for reconsideration. "Plaintiff does not seem confused about the meaning of any court order." *Hull v. Spalding*, No. 1:25-CV-01598-SEG, 2025 U.S. Dist. LEXIS 153898, at *8 (N.D. Ga. July 21, 2025). Instead, she appears to be unhappy about the discovery rulings that did not go her way, and that "does not require clarification." *Id. See Deutsche Bank Nat'l Tr. Co. v. WMC Mortg., LLC*, No. 12-cv-933-CSH, 2015 U.S. Dist. LEXIS 194382, at *20 (D. Conn. July 6, 2015) ("A clarification motion asks the Court: 'What did

---

[3] Plaintiff asserts that she "does not file this motion lightly" (Doc. 197-1 at 2), but it is the *seventh* motion for reconsideration she has filed in this case and her second, now-dismissed lawsuit.

you mean to say?' A reconsideration motion says to the Court: 'We know what you said. It is wrong. Change it.'").[4]   The Motion simply repeats the same arguments Plaintiff has made for months about the very discovery issues the Court resolved at the March 9 hearing.   The Court should reject this "impermissible attempt to relitigate old matters."   *Samara v. Taylor*, 38 F.4th 141, 153 (11th Cir. 2022) (citation and punctuation omitted); *see also Hays v. Page Perry, LLC*, 92 F. Supp. 3d 1315, 1319 (N.D. Ga. 2015) ("[A] party may not employ a motion for reconsideration as a vehicle to … repackage familiar arguments to test whether the Court will change its mind.") (citation and punctuation omitted).

   3.   *There Is No Basis For Reconsideration.*

The Motion does not even *mention* any new evidence, change in the law, or error.   Indeed, there is none, and without at least one of them, there is no basis for reconsideration.   To the extent Plaintiff is contending that the Court erred in some way, she would need to demonstrate that the Court made "a clear error of law or fact," which she cannot do.   *Blalock*, 2022 U.S. Dist. LEXIS 255069 at *8. Disagreement with the Court does not constitute error,[5] particularly regarding

---

[4] The Motion seeks clarification or reconsideration regarding depositions (*see* Doc. 197 at 4, 6), but there was no pending motion regarding depositions, and Plaintiff did not include depositions in her list of outstanding discovery as directed by the Court.

[5] "In most circumstances, 'clear error' means that 'the record lacks substantial evidence' to support a particular finding." *Robinson v. Sauls*, No. 1:18-cv-131-TCB,

discovery issues where district judges have wide discretion. *Herman v. Hartford Life & Accident Ins. Co.*, 508 F. App'x 923, 927 (11th Cir. 2013) (quoting *Harris v. Chapman*, 97 F.3d 499, 506 (11th Cir. 1996)). The Court spent the better part of an entire workday going through each one of Plaintiff's outstanding discovery issues, hearing argument from both sides, and resolving each issue (with the one exception noted above). (Doc. 195) Plaintiff has not shown any error, and the Motion should be denied.

4. *The Court Should Sanction Plaintiff.*

Federal courts have inherent powers "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (citation and punctuation omitted). A court may resort to this inherent power to sanction an attorney or a party (including a *pro se* litigant) for bad-faith conduct. *Byrne v. Nezhat*, 261 F.3d 1075, 1121 (11th Cir. 2001); *see Wachovia Bank v. Tien*, 406 Fed. App'x. 378, 382 (11th Cir. Dec. 22, 2010) (affirming sanctions against pro se litigant). Bad faith occurs when a party "knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the purpose of harassing an opponent," or "by delaying or disrupting the litigation or hampering enforcement of a court order." *Byrne*, 261 F.3d at 1121.

---

2021 U.S. Dist. LEXIS 103920, at *3 (N.D. Ga. Mar. 4, 2021) (quoting *San Martin v. McNeil*, 633 F.3d 1257, 1265 (11th Cir. 2011)).

6

In the Motion, Plaintiff knowingly and recklessly raises frivolous arguments and *continues* to delay and disrupt this litigation. The Court has already admonished Plaintiff for over-litigating her case (Doc. 162 at 3 and Case No. 1:24-cv-5545-WMR; Doc. 27 at 2), but she keeps on filing motions. Indeed, she has flipped Local Rule 7.2 on its head: asking the Court to reconsider its decisions has become her "routine practice," rather than an extraordinary remedy. Despite the Court's prior warnings, its lengthy hearing to resolve all discovery issues, and its clear instructions that those rulings were final, Plaintiff has again asked the Court to change its mind. Nothing short of sanctions, it appears, will deter Plaintiff from continuing to disrupt the orderly and expeditious disposition of her case, consuming the parties' and this Court's valuable resources along the way.[6] Emory respectfully requests that the Court employ its inherent powers and sanction Plaintiff for the costs of her continued needless expansion of this litigation. (*See* Doc. 162 at 3) *See also Chambers*, 501 U.S. at 46 (explaining that a court's inherent power "extends to a full range of litigation abuses")). In addition to deterring Plaintiff, this would at least partially compensate the Court for the heavy burden Plaintiff has placed on it by filing frivolous and duplicative motions and filing a duplicative case. *See In re Daker*, No.

---

[6] The Court awarded attorney's fees to Emory in Plaintiff's duplicative second lawsuit (Case No. 1:24-cv-5545-WMR; Doc. 22 at 27), although it has not yet determined an appropriate sanctions amount. Plaintiff sought reconsideration of that ruling too, which the Court denied. (Case No. 1:24-cv-5545-WMR; Doc. 38)

MC 625-001, 2025 U.S. Dist. LEXIS 106242, at *18, 25 (S.D. Ga. June 4, 2025) (finding that, "while there are some limited instances when asking a Court to review its decision might be appropriate, the *routine* practice of filing motions for reconsideration as a matter of course when there is no exceptional circumstance warranting them is considered vexatious and thus intolerable" and awarding monetary sanction). Sanctions also would be appropriate to compensate Emory for the cost of responding to the Motion.[7]

## CONCLUSION

Emory respectfully requests that the Court deny Plaintiff's Motion (Docs. 197, 197-1) and award sanctions for Plaintiff's bad-faith litigation conduct.

Dated this 21st day of April, 2026.

> */s/ Rebecca W. Shanlever*
> Rebecca W. Shanlever[8]
> Georgia Bar No. 763930
> rshanlever@hgrslaw.com
> Elizabeth M. Newton
> Georgia Bar No. 975191
> enewton@hgrslaw.com
> Asher W. Lipsett
> Georgia Bar No. 951994
> alipsett@hgrslaw.com
> HALL, GILLIGAN, ROBERTS & SHANLEVER
> LLP

---

[7] If a separate motion is required, Emory will file it with the Court directly. If the Court awards sanctions to Emory, it will submit an itemized statement of its costs, including attorney's fees, incurred in connection with responding to the Motion.

[8] The undersigned counsel certifies that this document has been prepared with Times New Roman 14-point font in accordance with Local Rule 5.1.C.

9

3340 Peachtree Road, Suite 1900
Atlanta, GA 30326
Telephone: (404) 442-8778
Facsimile: (404) 537-5555

*Counsel for Emory University*

9

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| JENNY LINDSAY,<br><br>　　　　Plaintiff,<br><br>v.<br><br>EMORY UNIVERSITY,<br><br>　　　　Defendant. | CIVIL ACTION NO.<br><br>1:22-cv-00886-WMR |

## CERTIFICATE OF SERVICE

I certify that on April 21, 2026, I filed the foregoing document with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to counsel of record. I further certify that I served the foregoing document on the following non-CM/ECF participant by email to lindsayjenny100@gmail.com and by depositing a true and correct copy of the document in the United States Mail, first class postage prepaid, addressed as follows:

Jenny Lindsay
10595 Plantation Bridge Dr.
Alpharetta, GA 30022

*/s/ Rebecca W. Shanlever*
Rebecca W. Shanlever

10